

**SO ORDERED.**

**SIGNED this 05 day of October, 2007.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| WHELAND FOUNDRY, LLC | ) | No. 06-10904 |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| RON REESE and CHARLES ARMOR | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Adv. No. 07-1044 |
| | ) | |
| LIVINGSTON COMPANY | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM

This adversary proceeding is before the court on a motion to dismiss filed on behalf of the defendant, Livingston Company ("Livingston"). The lawsuit began in the Circuit Court of

Hamilton County, Tennessee, and it was subsequently removed to this court by the defendant. In their complaint, the plaintiffs, Ron Reese and Charles Armor, allege several causes of action against the defendant, all having to do with how the defendant treated them during the time they and the defendant were the only three members of Wheland Foundry, LLC ("Wheland"), now a chapter 11 debtor in this court. In its motion to dismiss, the defendant argues that the plaintiffs lack standing to bring these causes of action against the defendant because the causes of action consist of property of the estate and belong exclusively to Wheland. The plaintiffs responded by filing a motion to remand the proceeding or to abstain from deciding it, arguing essentially that this court lacks subject matter jurisdiction over a lawsuit involving state law issues between third parties to the bankruptcy case.[1]

Pursuant to 28 U.S.C. § 1334(e), this court has "exclusive jurisdiction . . . of all the property, wherever located, of the debtor . . . ." Thus, if some of the counts in the plaintiffs' complaint constitute choses in action that really belong to the debtor because they are derivative actions, then this court has *in rem* jurisdiction over them and may therefore decide who may or may not maintain them on behalf of the debtor.[2] *In re RNI Wind Down Corp.*, 348 B.R. 286, 293

---

[1] Following a hearing on the motion to remand or abstain, the court denied the motion. The court did state at the hearing, however, that it was the court's present intent to remand the misrepresentation count (Count Three) and the tortious interference with contract count (Count Four) because it did not appear that those counts were derivative. The court further stated that it would reserve final ruling on these matters pending a decision on the the defendant's motion to dismiss. Also, at that same hearing the court stated that it would grant the plaintiff's pending motion to amend its complaint, and that the pending motion to dismiss would be treated as a motion to dismiss the amended complaint.

[2] Pursuant to a settlement agreement entered into between the debtor, the unsecured creditors' committee, Livingston, and several other parties, but not the plaintiffs, Wheland has

(continued...)

(Bankr. D. Del. 2006). Naturally, this is a different question from whether the court has subject matter jurisdiction of a particular cause of action as stated in the complaint.

In order to determine whether this court has *in rem* jurisdiction over a particular cause of action, it is necessary to determine whether that cause of action belongs to Wheland's estate. This is a question determined in accordance with state law, *Honigman v. Comerica Bank (In re Van Dresser Corp.)*, 128 F.3d 945, 947 (6th Cir. 1997), and the state law involved is that of Georgia, the state under whose laws the debtor was created and within whose jurisdiction it resides. The Georgia rule for determining whether a cause of action belongs to an LLC or its members, that is, whether it is derivative or direct, is stated in *Stoker v. Bellemeade, LLC*, 615 S.E.2d 1 (Ga. Ct. App. 2005), *rev'd on other grounds*, 631 S.E.2d 693 (Ga. 2006).

> The general rule in the corporate context is that a shareholder's suit seeking to recover damages for breach of fiduciary duties owed to the corporation must be brought as a derivative suit on behalf of the corporation. *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585, 397 S.E.2d 699 (1990). A shareholder has standing to bring direct action, seeking recovery on behalf of the shareholder individually, only if the suit alleged a special injury separate and distinct from that suffered by other shareholders, or alleged a wrong involving a shareholder contractual right existing apart from any right of the corporation.

*Id.* at 7.

---

[2](...continued)
covenanted not to sue Livingston for any of its actions as a member or manager of the debtor. Thus, the debtor has, for a consideration, bargained away whatever choses in action it had against Livingston as a manager or member. After a hearing, the court approved this settlement agreement, and plaintiffs did not object to it. This settlement of Wheland's potential claims against Livingston is just that, and does not constitute an abandonment of the claims by the estate.

The court applied this corporate law rule to lawsuits involving limited liability companies ("LLCs") because of similarities between LLCs and closely held corporations. "Because the LLCs at issue are all closely held entities with some corporate characteristics, we address this issue by looking to the analogous situation presented under similar circumstances in the context of closely held corporations." *Id.* at 7. The Georgia rule, then, is that a shareholder, or member of an LLC, must show a special injury separate and distinct from that suffered by the other shareholders or must show a wrong involving a member's contractual right that exists apart from any right of the LLC. Unless he or she does so, the LLC member has no standing to bring a direct action under the general rule.

The question of whether plaintiffs have standing under this Georgia rule is presented by Livingston's motion to dismiss. In ruling on a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Thus the court is limited, on a motion to dismiss, to a parsing of the complaint. In so doing,

> [a]ll factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in

4

original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

*Gilbert v. Brown (In re Brown)*, 352 B.R. 841, 845 (Bkrtcy. E.D. Tenn. 2006).

Count One of the amended complaint alleges breach of fiduciary duty on the part of Livingston. It is alleged that Livingston ignored Wheland's operating agreement in order to usurp a business opportunity[3] and push the plaintiffs from their management positions. As a result of these alleged breaches, the plaintiffs claim that they "lost their investment." No other compensatory damages are alleged. Livingston argues that this allegation shows that the plaintiffs have only a derivative cause of action stemming from the collapse of Wheland and the loss of the plaintiffs' equity investments in Wheland as the result of its bankruptcy. In order to demonstrate standing to bring a direct action for their own benefit, the plaintiffs must show a "special injury" under Georgia law. This is defined by the Georgia Supreme Court as "an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation." *Grace Bros., Ltd. v. Farley Indus., Inc.*, 450 S.E.2d 814, 816 (Ga. 1994); *accord, Phoenix Airline Serv., Inc. v. Metro Airlines, Inc.*, 397 S.E.2d at 702 (using the same standard).

---

[3] The usual usurpation claim is that an officer or board member pounced on a business opportunity offered to his company for his personal benefit, thereby squeezing the company out of a profitable venture. In their complaint, plaintiffs contend Livingston usurped a business opportunity *from them*. Amended Complaint ¶ 48. To the extent they mean "from the company," the usurpation claim is treated above as belonging to the company and thus its estate. To the extent Georgia might recognize a claim that plaintiffs' personal opportunities were somehow usurped by Livingston's dealings with MTI, the claim would seemingly be a direct one.

5

Applying the Georgia law to the plaintiffs' breach of fiduciary duty claims, the court notes first that "[t]he general rule is that actions for breach of fiduciary duties are to be brought in derivative suits" and that "[a]ctions seeking to recover for usurped 'corporate' opportunities belong to the corporation." *Id.* at 701. Of course, if the plaintiffs can show a special injury unique to themselves and beyond that suffered by the company, they would be excepted from this general rule. At the hearing on these motions, however, the plaintiffs, after being challenged by the court to do so, were unable to explain to the court how their injuries differed from those sustained by the company and its creditors as the company collapsed into bankruptcy. Thus, the court must conclude that the plaintiffs have failed to show any special injury that would permit them to bring a direct action for the benefit of themselves rather than an action for the benefit of the company. The alleged breaches of fiduciary duty and the alleged usurpation of company opportunity, having injured the company in the first instance, belong to the company and constitute part of its estate in bankruptcy. The debtor or its trustee "has the *exclusive* right to assert the debtor's claim." *In re Van Dresser Corp.*, 128 F.3d at 947 (emphasis original). It follows that the causes of action alleged by the plaintiffs in Count One of their amended complaint are the property of the bankruptcy estate and may only be asserted by the debtor.

Although virtually admitting they cannot show any special injury with respect to Count One, the plaintiffs contend that certain Georgia cases exempt them from the necessity of showing a special injury in the context of litigation among the members of a close corporation or a small LLC. Indeed, the Georgia Supreme Court has held that shareholders of a corporation or members of an LLC may sue each other directly where the reasons for requiring a derivative action do not

6

exist. *Thomas v. Dickson*, 301 S.E.2d 49, 51 (Ga. 1983). As recently explained by the Georgia Court of Appeals, *Thomas* essentially created

> a four-part test for deciding when to require a derivative action:
>
> (1) Will the direct action result in a multiplicity of actions by other shareholders?
>
> (2) *Are there corporate creditors in need of protection?*
>
> (3) Will the interests of the remaining shareholders be prejudiced by a recovery by one shareholder?
>
> (4) Would the injured shareholder be adequately compensated by a corporate recovery?

*Telcom Cost Consulting, Inc. v. Warren*, 621 S.E.2d 864, 868 (Ga. Ct. App. 2005) (emphasis added), *cert. denied* (Ga. 2006). One of the reasons identified by the Georgia Supreme Court for requiring a derivative action instead of a direct action is the protection of company creditors. If there are creditors, then direct actions are not permitted because they result in recoveries by individual plaintiffs and do not result in any benefit to the company or, by extension, to its creditors. In that case, the direct lawsuit exception to the general rule requiring derivative actions cannot be applied.

It is undisputed that Wheland has numerous unpaid creditors. Indeed, the unsecured debt scheduled by the debtor in its bankruptcy petition approximates $5.5 million. Under this circumstance, Georgia courts would not permit the plaintiffs to bring a direct action, but would instead require them to bring a derivative action so that any recovery would benefit the company and its creditors and not solely the plaintiffs. Accordingly, the plaintiffs cannot bring these actions for breach of fiduciary duty and usurpation of company opportunity directly because they are actions

7

that belong exclusively to the company and its bankruptcy estate. Because under Georgia law the plaintiffs have no standing to sue directly, the court will dismiss Count One of their complaint. *See In re Van Dresser Corp.*, 128 F.3d at 947 (affirming the district court's decision to dismiss the complaint because the plaintiff's claim was derivative and therefore the exclusive property of the debtor's estate and because the plaintiff therefore lacked standing to bring a direct action).

Count Two of the amended complaint alleges that Livingston defrauded the plaintiffs by a variety of means, either intentionally misrepresenting things to them that were not true or intentionally withholding from them information that was critical to their interests. They conclude that they were "damaged by the loss of their membership interest and capital contributions in Wheland, in an amount to be determined at trial." (Amended Complaint ¶ 65.) Count Two thus alleges derivative injuries stemming from the bankruptcy of the company that caused a loss to the company, all of its creditors, and its members. As such the cause of action belongs to Wheland and not the plaintiffs. It must therefore be dismissed for the same reasons as those requiring the dismissal of Count One.

Count Three of the amended complaint alleges additional misrepresentations by Livingston to the plaintiffs and further alleges that "Livingston intentionally or negligently misrepresented the financial terms of Project Pecan to Reese and Armor in order to induce them to accept a lesser amount than what they were entitled for their ownership of Warrenton Foundry." (Amended Complaint ¶ 69.) Count Three further alleges that "Reese and Armor relied on Livingston's intentional and/or negligent misrepresentations, to their detriment, because they were unable to take appropriate action based on the false information provided by Livingston."

(Amended Complaint ¶ 71.) Finally, Count Three alleges that "[a]s a result of Livingston's intentional and/or negligent misrepresentations, Reese and Armor suffered damages in an amount to be proven at trial." (Amended Complaint ¶ 72.)

While the plaintiffs do not allege in Count Three the specifics of how they were damaged, they claim that Livingston made misrepresentations to them upon which they relied to their detriment and sustained damages. Hence, Count Three alleges, albeit vaguely, a special injury to the plaintiff. Of course, if it turns out that the alleged damages were the same suffered by the company then, once again, this cause of action would be derivative and subject to dismissal. Because, however, the litigation envisaged by Count Three appears to be an action personal to the plaintiffs that the debtor does not possess, the cause of action would not be property of the bankruptcy estate. Such an action would have no conceivable effect on the bankruptcy estate and therefore it is not "related to" the bankruptcy case. 28 U.S.C. § 1334(b). Hence, this court would have no jurisdiction over it. *Lindsey v. O'Brien, Tanski, Tanzer and Young (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996); *Mich. Employment Sec. Comm'n. v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141 (6th Cir 1991). Where a bankruptcy court lacks jurisdiction over matters that have been removed to the bankruptcy court, it should remand those matters. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Count Four alleges that Livingston induced Wheland to violate certain contracts it had with the plaintiffs, thus tortiously interfering with the plaintiffs' contractual relations. This allegation again describes injuries to the plaintiffs separate and apart from any that might have been

suffered by the debtor company. Accordingly, the claims asserted by the plaintiffs appear to be neither derivative nor property of the estate. This court lacks jurisdiction over them because they are not related to the bankruptcy case, and accordingly they, too, must be remanded to the state court.

Livingston suggests that this court should exercise supplemental jurisdiction over all the claims in this case even though the court has dismissed the plaintiffs' derivative claims set out in Counts One and Two of the amended complaint. However, a district court's supplemental jurisdiction under 28 U.S.C. § 1367(a) may not be referred to a bankruptcy court because 28 U.S.C. § 157(a) provides for the reference only of "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." Accordingly, "Bankruptcy Courts may not exercise supplemental jurisdiction." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3058 (U.S. Aug. 3, 2007) (No. 07-147); *accord, e.g., Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 570-73 (5th Cir. 1995); *Wellman Therman Sys. Corp. v. Columbia Cas. Co.*, No. 1:05-cv-1191-JDT-TAB, 2005 WL 4880619, at *4 (S.D. Ind. Oct. 5, 2005) ("The district court may exercise supplemental jurisdiction over the cross claims pursuant to 28 U.S.C. [section] 1367; the bankruptcy court cannot."); *Halvajian v. Bank of N.Y., N.A.*, 191 B.R. 56, 58-59 (D.N.J. 1995). Moreover, if this court was empowered to exercise supplemental jurisdiction, the court would exercise its discretion not do so in this proceeding on the authority of *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996), which held that, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state laws claim, or remanding them to state court if the action

was removed." Because the court has dismissed the only claims over which it had jurisdiction, the remaining state law claims in Counts Three and Four should be remanded to the state court on the "balance of the considerations," particularly insofar as the plaintiffs have demanded a jury trial.

For the foregoing reasons, the court will enter an order dismissing the plaintiffs' claims alleged in Counts One and Two and remanding those in Counts Three and Four to the Circuit Court of Hamilton County, Tennessee.[4]

###

---

[4] In ordering this remand, the court has confined itself to the allegations of the amended complaint in attempting to make distinctions between derivative and direct causes of action. While Counts Three and Four purport to allege direct causes of actions, once again the court notes that the plaintiffs have not alleged with any specificity how they were damaged by the alleged wrongdoing of the defendant. There has been no discovery, no motion for a more definite statement concerning the mechanism of damage in Counts Three or Four, and no motion for summary judgment that might clarify the facts and thus the legal theory of the plaintiffs. In no way, therefore, should this ruling pretermit the trial court from revisiting the issue of the real party in interest, or standing of the plaintiffs, on Counts Three or Four after a fuller exposition of these matters.